UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LEVARST HULLETT, JR., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-77 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| DENNIS WILEY et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because Defendants are immune from Plaintiff's claims for monetary damages and Plaintiff fails to state a claim upon which any form of relief may be granted.

**Discussion**

I.   Factual Allegations

Plaintiff is incarcerated in the Deerfield Correctional Facility. He is serving a sentence of two to twenty-one years that was imposed by the Berrien County Circuit Court on October 31, 2005, after Plaintiff pleaded guilty to uttering and publishing. In his *pro se* complaint, he sues Berrien County Circuit Court Judge Dennis Wiley; Berrien County Prosecuting Attorneys Michael Sepic, Gregory Cleveland, and Jeffrey B. Taylor; and Berrien County Probation Agent Joseph F. Tourangeau. Plaintiff's allegations are somewhat difficult to follow, but he asserts that Defendants conspired to have him sentenced as a second habitual offender to a maximum term of twenty-one years, when the only offense that he committed was attempted uttering and publishing. He charges Defendants with " . . . slander, conspiracy, corruption, case fixing, cruel and unusual punishment, racist, intimidation, discrimination, prejudice, retaliation, personal vendetta . . ." For relief, Plaintiff "want[s] this 21 year charge broke down to attempt utter and publish, or discharged." He also seeks damages of twenty-one million dollars.

II.   Immunity

Plaintiff claims that Judge Wiley violated his constitutional rights by sentencing him as a second habitual offender to a maximum term of twenty-one years. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial

immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12. Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that sentencing Plaintiff was a judicial act and that Judge Wiley was acting within his jurisdiction in doing so. Accordingly, Judge Wiley is absolutely immune from Plaintiff's claims for monetary damages.

Berrien County Prosecutors Sepic, Cleveland and Taylor also are entitled to absolute immunity for actions taken in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related is the prosecutor's conduct to his role of an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Defendants clearly were acting in their roles as advocates when they prosecuted Petitioner for uttering and publishing. Accordingly, the Defendant Prosecutors are entitled to immunity from Plaintiff's claims for monetary damages.

Likewise, Defendant Tourangeau is entitled to quasi-judicial immunity. Absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. Quasi-judicial immunity should be granted to state officials when (1) their positions are akin to that of judges; (2) the potential for vexatious lawsuits is great; and (3) enough safeguards exist to protect the complainant's constitutional rights. *Purisch v. Tennessee Tech. Univ.*, 76 F.3d 1414, 1421 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (functional approach to quasi-judicial immunity). Plaintiff's claims against Tourangeau appear to arise from Tourangeau's preparation of the pre-sentence investigation report (PSIR). The preparation of a PSIR is a judicial function for which Tourangeau is entitled to quasi-judicial immunity. *See Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (probation officers who prepare presentence reports are closely associated with the exercise of a judicial function and entitled to absolute immunity); *see also Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from prisoner's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts).

Because Defendants are entitled to judicial or quasi-judicial immunity, Plaintiff may not maintain an action for monetary damages against them. 28 U.S.C. § 1915(e)(2)(B)(iii). As set forth below, Plaintiff also fails to state a claim against Defendants.

### III. Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In addition to his request for monetary damages, Plaintiff seeks to have his sentence of two to twenty-one years reduced or discharged. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has

been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stadler*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive). Plaintiff's allegations clearly call into question the validity of his conviction and sentence for uttering and publishing. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismissed Plaintiff's action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because Defendants are immune from Plaintiff's claims for monetary damages and Plaintiff fails to state a claim upon which any form of relief may be granted.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Date:   February 13, 2006              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT  JUDGE